**CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, A Pension Trust, and Howard McDougall, Trustee and Fiduciary of Such Pension Trust, Plaintiffs,**

v.

**NU–WAY SERVICE STATION, INC., d/b/a Nu–Way Service, Inc., a Missouri Corporation, Defendant.**

No. 88–745–C(4).

United States District Court, E.D. Missouri, E.D.

Oct. 26, 1988.

**470**

Albert M. Madden, Thomas C. Nyhan, S. Michael Ritter, Chicago, Ill., Guilfoil Petzall & Shoemake, David B.B. Helfrey, Kenneth J. Barnhouse, St. Louis, Mo., for plaintiffs.

Thomas S. Moore, McCarthy, Duffy, Neidhart and Snakard, Chicago, Ill., Daniel R. Begian, James N. Foster, Jr., McMahon, Berger, Hanna, Linihan, Cody and McCarthy, St. Louis, Mo., for defendant.

## MEMORANDUM AND ORDER

CAHILL, District Judge.

This matter comes before the Court on plaintiffs' motion for summary judgment. On March 3, 1988, the United States District Court for the Northern District of Illinois transferred plaintiffs' suit to this Court pursuant to 28 U.S.C. § 1404(a). The pending motion had not been ruled upon prior to the transfer and is now under submission.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that the moving party is entitled to judgment as a matter of law. The party supporting a motion for summary judgment must demonstrate to the Court that the record before it does not disclose a genuine dispute on a material fact. *Celotex v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *City of Mt. Pleasant, Iowa v. Associated Electrical Cooperative, Inc.*, 838 F.2d 268 (8th Cir.1988). Once the moving party has met its burden, the opponent must respond by showing the Court that there is a genuine dispute on a material issue. *City of Mt. Pleasant*, 838 F.2d at 274.

The Court believes, after reviewing all of the pleadings, that there do exist several factual discrepancies which preclude entry of summary judgment.

Plaintiffs' action against the defendant alleges violations of ERISA and the Labor Relations Management Act. 29 U.S.C. §§ 1132 and 1145. Specifically, plaintiffs charge that the defendant failed to pay pension plan benefits for one of its employees, Joseph Davidson, for the period of July 1976 through September 1979. Plaintiffs contend that this alleged nonpayment was a breach of defendant's collective bargaining agreement and defendant's contract with the plaintiff pension fund. Furthermore, plaintiffs claim that the defendant

admitted its liability by failing to respond in a timely fashion to plaintiffs' first requests for admissions.

The defendant, to the contrary, argues that it did respond to plaintiffs' initial discovery requests by denying each and every request for admission. Moreover, the defendant disputes plaintiffs' allegation that Mr. Davidson performed work covered by the collective bargaining agreement during the three-year period and that it was required to make contributions on the employee's behalf.

These factual issues are material to plaintiffs' case and are the plaintiffs' burden to prove at trial. The Court will not grant summary judgment on the basis of the defendant's tardy response to a discovery request. It was within the Illinois court's discretion to permit the defendant to file its responsive pleadings after the time provided for by statute or local rule. The Court is not inclined to second guess such a ruling and certainly will not rely on it to grant a motion for summary judgment.

Furthermore, the Court finds that the defendant has demonstrated to the Court the existence of sufficient factual disputes on material questions to withstand plaintiffs' motion. Accordingly,

IT IS HEREBY ORDERED that plaintiffs' motion for summary judgment is denied.